## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____

SCOTT COULSON, et al.,

               Plaintiffs,

    v.

TOWN OF KEARNY,

               Defendants.

_____

Civil Action No.  07-5893 (PGS)

**MEMORANDUM AND ORDER**

     This Memorandum and Order concerns five issues that the Court evidently did not address in the Court's December 9, 2010 ruling on Plaintiffs Scott Coulson, et al's ("Plaintiffs") motion for summary judgment ("Plaintiffs' Motion for Summary Judgment"); and (2) Defendants Town of Kearny, et al.'s ("Defendants") motion for summary judgment ("Defendants' Motion for Summary Judgment"). Defendants' December 22, 2010 letter (Docket Entry 88) highlighted the five unaddressed issues. The Court responds below to each of Defendants' arguments.

     <u>Issue 1: Defendants Contend that Chief Joseph Lapsanski (Retired) ("Chief Lapsanski") Cannot Be Held Liable Under the Uniformed Services Employment and Reemployment Rights Act ("USERRA") Because Chief Lapsanski Is Not an "Employer."</u>

     Under USERRA, an employer includes any "person . . . to whom the employer has delegated the performance of employment-related responsibilities." 38 U.S.C. § 4303(4)(A)(I).  Defendants contend that Chief Lapsanski did not have authority to hire or fire Kearny Fire Department ("Fire Department") firefighters because those actions required municipal council approval. Although the municipal council must act, the Chief of the Fire Department is in charge of all Fire Department operations, including Fire Department staff. From my experience, there exists no municipal council which would take action against firefighters without the input of the Chief of the Fire Department.

1

As such, the Chief of the Fire Department is the person who has authority over employment issues in the Fire Department.

In an effort to convince this Court that Chief Lapsanski is not an employer, Defendants contend that Chief Lapsanski's role was analogous to the role of a supervisor in a case, *Brooks v. Fiore*, 2001 WL 1218448 (D. Del. Oct. 11, 2001), *aff'd* 53 Fed. Appx. 662 (3d Cir. 2002).  In *Brooks*, the plaintiff employee's  supervisor – Robert Fiore ("Mr. Fiore") – was dismissed from the suit because Mr. Fiore had no authority to hire or fire the plaintiff employee.  *Id.* at * 9 n.3.  The court acknowledged that it was Mr. Fiore's supervisor, John Flynn ("Mr. Flynn"), who – after being involved in disciplining the plaintiff employee – made the decision to fire the plaintiff employee. *Id.* at * 3. By way of analogy to the *Brooks* case, Chief Lapsanski is more similar to Mr. Flynn as opposed to Mr. Fiore.  Chief Lapsanski had broad control over employment at the Fire Department. As a result, Chief Lapsanski is a properly named defendant under USERRA.

> Issue 2:  Defendants Contend that Business Administrator Joseph D'Arco ("Mr. D'Arco") Cannot Be Individually Liable Under the New Jersey Law Against Discrimination (the "NJLAD").

Defendants argue that Plaintiffs failed to address this issue in Plaintiffs' opposition brief to Defendants' Motion for Summary Judgment.  As such, Defendants maintain this issue is uncontested, and, as a result, Defendants' Motion for Summary Judgment should be granted with respect to this issue.  This Court disagrees because Plaintiffs have opposed this issue.

Despite same, Defendants' Motion for Summary Judgment on Plaintiffs' NJLAD claims is granted, and this Court dismisses the claim.  Because Mr. D'Arco's involvement with respect to Plaintiffs' allegations is very sporadic, Mr. D'Arco's actions do not meet the aiding and abetting standard applicable under the NJLAD. *See Cicchetti v. Morris Cnty. Sheriff's Office,*194 N.J. 563,

594 (2008) (citations omitted). Defendants' Motion for Summary Judgment is therefore granted with respect to this issue, and Mr. D'Arco is dismissed under the NJLAD.

Issue 3:  Defendants Contend that Plaintiffs' USERRA Claims Should Be Dismissed for Failure to Exhaust Contractual Remedies.

The court has reviewed the Collective Bargaining Agreement (the "CBA") at issue.  There is no provision which expressly indicates that USERRA claims are subject to the CBA.   As such, Plaintiffs have not waived any of Plaintiffs' rights under USERRA. In support of Defendants' argument, Defendants refer this Court to two exhibits filed in support of Defendants' Motion for Summary Judgment.  Neither of these exhibits refers to the calculation of military leave pay, differential pay or other USERRA remedies.  As such, Plaintiffs' USERRA claims are not subject to the CBA, and therefore Defendants' Motion for Summary Judgment is denied with respect to this issue.  For a CBA to waive a statutory right, the union's "waiver must be clear and unmistakable." *Wright v. Universal Maritime Service Corp., et al*, 525 U.S. 70, 80 (1998).

Issue 4:  Defendants Contend that USERRA Does Not Provide for Paid Military Leave.

Defendants' contention is half correct. There is no firm statutory obligation to provide pay or differential pay to firefighters who are on leave to the military.  *See generally Gordon v. Wawa, Inc.*, 388 F.3d 78, 82; *Brooks*, 2001 WL 1218448 at * 10.  This does not address conclusively, however, the extent of the firefighters' protection under USERRA. Under USERRA, a person in military service may take furlough or leave of absence from employment.  *See generally* 38 U.S.C. §§ 4311(a), 4316(b)(1)(A).  As such, a uniformed service employee is entitled to the same rights and benefits as other employees on furlough or leave of absence. *See generally* 38 U.S.C. § 4316(b)(1)(B).  Hence, to determine whether Plaintiffs are entitled to pay or differential pay from

Defendants, there must be a comparison between the firefighters on military leave and the firefighters who are on leave for other reasons. *See generally* 38 U.S.C. § 4316(b)(1)(B). Firefighters on leave to the military must receive the same treatment as non-military firefighters who go on leave for other reasons. *See generally* 38 U.S.C. § 4316(b)(1)(B). The Department of Labor – which has published questions and answers about USERRA implementation – supports this interpretation.

Sec. 1002.149  What is the employee's status with his or her civilian employer while performing service in the uniformed services?

 Furlough and Leave of Absence

 During a period of service in the uniformed services, the employee is deemed to be on furlough or leave of absence from the civilian employer. In this status, the employee is entitled to the non-seniority rights and benefits generally provided by the employer to other employees with similar seniority, status, and pay that are on furlough or leave of absence. Entitlement to these non-seniority rights and benefits is not dependent on how the employer characterizes the employee's status during a period of service. For example, if the employer characterizes the employee as ``terminated'' during the period of uniformed service, this characterization cannot be used to avoid USERRA's requirement that the employee be deemed on furlough or leave of absence, and therefore entitled to the non-seniority rights and benefits generally provided to employees on furlough or leave of absence.

Sec. 1002.150   Which non-seniority rights and benefits is the employee entitled to during a period of service?

(a) The non-seniority rights and benefits to which an employee is entitled during a period of service are those that the employer provides to similarly situated employees by an employment contract, agreement, policy, practice, or plan in effect at the employee's workplace. These rights and benefits include those in effect at the beginning of the employee's employment and those established after employment began. They also include those rights and benefits that become effective during the employee's period of service and that are

4

provided to similarly situated employees on furlough or leave of absence.

(b) If the non-seniority benefits to which employees on furlough or leave of absence are entitled vary according to the type of leave, the employee must be given the most favorable treatment accorded to any comparable form of leave when he or she performs service in the uniformed services. In order to determine whether any two types of leave are comparable, the duration of the leave may be the most significant factor to compare. For instance, a two-day funeral leave will not be ``comparable'' to an extended leave for service in the uniformed service. In addition to comparing the duration of the absences, other factors such as the purpose of the leave and the ability of the employee to choose when to take the leave should also be considered.

(c) As a general matter, accrual of vacation leave is considered to be a non-seniority benefit that must be provided by an employer to an employee on a military leave of absence only if the employer provides that benefit to similarly situated employees on comparable leaves of absence.

Sec. 1002.151  If the employer provides full or partial pay to the employee while he or she is on military leave, is the employer required to also provide the non-seniority rights and benefits ordinarily granted to similarly situated employees on furlough or leave of absence?

Yes. If the employer provides additional benefits such as full or partial pay when the employee performs service, the employer is not excused from providing other rights and benefits to which the employee is entitled under the Act.

At this time, neither party has compared the pay of uniform service firefighters who are on leave to the pay of non-military firefighters who are on leave. Defendants cite to cases holding that paid military leave is not a protected right because it is not set forth in the statute as such. *See, e.g., Gordon*, 388 F.3d at 82. However, the analysis does not stop there. USERRA requires that employees on leave for military duty be treated the same as other non-military employees who take

5

leave of absence. *See generally* 38 U.S.C. § 4316(b)(1)(B). Defendants acknowledge this principle that USERRA "simply requires that the same benefits be provided to military members that non-military employees receive while on comparable types of leave." In *Rogers v. City of San Antonio*, 392 F.3d 758, 769 (5th Cir. 2004), the Fifth Circuit concluded that "Congress intended by § 4316(b)(1) to clarify and codify . . . [that] employers, with respect to rights and benefits not determined by seniority, [must] treat employees taking military leave, equally, but not preferentially, in relation to peer employees taking comparable non-military leaves . . . ."

Defendants have not set forth any evidence that Defendants treated Plaintiffs equally to non-military members who took leaves of absence. As such, because Defendants have not submitted this appropriate proof, Plaintiffs' allegations that Defendants owe pay to Plaintiffs survive Defendants' Motion for Summary Judgment.

> Issue 5: Defendants Contend that Plaintiffs' Overtime Claims Should Be Dismissed Due to Plaintiffs' Failure to Exhaust Plaintiff's Contractual Remedies.

This argument is denied for several reasons. First, Plaintiffs' overtime claims survive Defendants' Motion for Summary Judgment for the reasons this Court set forth in response to Issue 3. Namely, Plaintiffs' overtime claims are not subject to the CBA.

Second, Plaintiffs' overtime claims survive Defendants' Motion for Summary Judgment for the same reasons this Court set forth in response to Issue 4 . Specifically, Plaintiffs should have been treated comparably to firefighters on non-military leave, and Defendants have not brought forth evidence showing that Defendants provided Plaintiffs with such equal treatment.

ORDER

Based on the above,

IT IS on this 28th day of February, 2011

ORDERED that Defendants' Motion for Summary Judgment on Plaintiffs' USERRA claims against Chief Lapsanski is denied;

ORDERED that Defendants' Motion for Summary Judgment on Plaintiffs' NJLAD claims against Mr. D'Arco is granted;

ORDERED that Defendants' Motion for Summary Judgment on Plaintiffs' USERRA claims for failure to exhaust contractual remedies is denied;

ORDERED that Defendants' Motion for Summary Judgment on Plaintiffs' USERRA claims regarding Plaintiffs' entitlement to paid military leave is denied; and

ORDERED that Defendants' Motion for Summary Judgment on Plaintiffs' overtime claims for failure to exhaust contractual remedies is denied.


_s/Peter G. Sheridan_____
PETER G. SHERIDAN, U.S.D.J.